FILED
2015 Dec-02  PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ADAM KEITH WALDMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:13-CV-2322-VEH-JEO** |
| | ) | |
| **COMMISSIONER KIM THOMAS** | ) | |
| **et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This is a *pro se* prisoner case brought pursuant to 42 U.S.C. § 1983. (Doc. 1-1). The plaintiff is currently incarcerated at Limestone Correctional Facility in Harvest, Alabama. (*Id*. at 6). The plaintiff names as defendants Alabama Department of Corrections ("ADOC") employees in their individual and official capacities: Prison Commissioner Kim Thomas, employees as defendants in their individual and official capacities: Prison Commissioner Kim Thomas, Director of Classification Cassandra Conway, Assistant Director of Classification Amanda Baggett, Classification Specialist Mrs. Cooley and Captain Butler. (*Id*.). For relief, he seeks a jury trial, a declaration that the defendants violated his federal and state constitutional rights, compensatory and punitive damages, and an injunction ordering the defendants to "stop labeling and branding [him] as a sex offender, and remove the "S" suffix from his [inmate] number."

(*Id*. at 10).

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the amended complaint was referred to a magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991). In accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, the magistrate judge screened the plaintiff's amended complaint and, on May 1, 2015, *sua sponte* recommended dismissal of the complaint for failure to state a claim upon which relief can be granted. (Doc. 14, R&R). On June 10, 2015, the plaintiff filed objections to that Report and Recommendation. (Doc. 17) ("Objections"). Also on that date, he filed a Motion for Leave To Amend Complaint (Doc. 18) (the "Amend Motion") and a proposed Amended Complaint (doc. 19).

The court will first address the plaintiff's Objections. Then, it will address his Amend Motion.

### DISTRICT COURT REVIEW OF REPORT AND RECOMMENDATION

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

2

Cir.1982)).[1]   The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*. This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).

In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).[2]

"Neither the Constitution nor the statute requires a district judge to review, *de*

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

3

*novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *U.S. v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F. 3d 1287, 1292 (11th Cir. 2009).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n. 8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and

would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

<u>**PLAINTIFF'S OBJECTIONS TO THE R&R**</u>

## I.   <u>Jurisdiction of Magistrate Judge</u>

Plaintiff argues that the magistrate judge did not have subject-matter jurisdiction to issue a report and recommendation in his case because:

1.   No Article III Judge gave the plaintiff notice prior to designating Magistrate Ott to serve as a special master in this case and afforded the plaintiff the opportunity to object.

2.   28 U.S.C. § 636(b)(1)(A) as applied and utilized by this Court Constituted rights as guaranteed him by Article III of the United States Constitution in that the Article III Judge, without any prior notice to the plaintiff, desihnated [sic] a Magistrate to hear and determine his case. Subsequently, pursuant to 28 U.S.C. § 636(b)(2) and (1) the plaintiff is served with a form to consent to the Magistrate who has already been deligated [sic] which is essentially worthless because the Magistrate has already been deligated [sic] to his case and the Article III Judge is not about to remove him from the case, even absent the plaintiff's consent. The plaintiff has never consented, and will never consent for his case to be delegated or assigned to a Magistrate.

3.   Article III confers upon the plaintiff a personal right to have his case heard by an Article III Judge. ***

(Doc. 17 at 3).

The district court has statutory authority to delegate non-dispositive pretrial

matters to a magistrate judge for determination. *See* 28 U.S.C. § 636(b)(1)(B).[3] The district court need not obtain the consent of the parties before assigning these matters to a magistrate judge. 28 U.S.C. § 636(b)(1)(A)-(C). The undersigned is an Article III judge and will issue the final determination in this case after a *de novo* review. Therefore, plaintiff's objection to the jurisdiction of the magistrate judge to issue the R&R is **OVERRULED** as frivolous.

## II.   **Plaintiff's Factual Objections**

The plaintiff has objected to the magistrate judge's statement that "[t]he plaintiff admits he was convicted of kidnapping." (Doc. 17, p. 8 at ¶ 5). However, he then goes on state that "he was found guilty, he did not admit to the offense in a guilty plea, but was found [guilty] by a jury trial of [the offense] of kidnapping." Being found guilty by a jury trial is a conviction. Thus, the plaintiff has admitted and still admits that he was "convicted of kidnapping." This objection is **OVERRULED** as frivolous.

The plaintiff next "objects" (Doc. 17, p. 8 at ¶ 6) to the magistrate judge's

---

[3] Section 636(b)(1)(B) provides in pertinent part:

> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B) (2009) (footnote omitted).

statement that "[t]he plaintiff admits he was convicted of '[k]idnapping ... a minor, who was under the age of twelve." (Doc. 14, p.4)(alterations in original). Plaintiff states that, "[o]n page 4 ... clearly shows that there is no mention of a child under the age of 12 years old." (Doc. 17, p. 8 at ¶ 6). The undersigned agrees that the plaintiff did not admit that he was <u>convicted</u> of kidnapping a minor who was under the age of 12. Further, he did <u>not</u> necessarily admit that fact when he admitted that he was convicted of "Kidnapping First Degree."[4] However, he <u>did</u> state "The classification wants to punish the plaintiff even more for the conviction of [k]idnapping of a minor, who was under the age of twelve." (Doc. 1-1 at 8). Thus, it is the plaintiff who has informed this court of the age of his kidnapping victim. Further, he has never denied that his victim was a minor who was under the age of twelve. Nor has he alleged that he was the child's parent or guardian.[5] Even in his objections, when he gives the details of his

---

[4] § 13A-6-43, Code of Alabama (1975) provides:
(a) A person commits the crime of kidnapping in the first degree if he abducts another person with intent to
      (1) Hold him for ransom or reward; or
      (2) Use him as a shield or hostage; or
      (3) Accomplish or aid the commission of any felony or flight therefrom; or
      (4) Inflict physical injury upon him, or to violate or abuse him sexually; or
      (5) Terrorize him or a third person; or
      (6) Interfere with the performance of any governmental or political function.
There is nothing in <u>this</u> statute that references the age of the victim.

[5] The Alabama Sex Offender Registration and Community Notification Act ("ASORCNA") at Code 1975 §§ 15-20A-1 to 15-20A-48. Section 15-20A-5(18) states that individuals who are convicted of "[k]idnapping of a minor, except by a parent, guardian or custodian, as provided by section 13-6-43 or 13-6-44" are sex offenders.

crime, he states:

> 3.    The plaintiff was in the Navy and stationed in Pensacola Florida, when he meet [sic] a woman that [sic] they started dating. Once dating she introduced him to Meth and he spent all he had to keep her and him doing this drug. Then he decided to go back to Virgina [sic] to visit his family, when he left, he left her a lot of money. Upon his return to Florida, she had left and taken all his money. At this time the plaintiff went looking for her and found her, she lied to him and said that she did not have his money. <u>He found out that she was married and had a kid.</u> He approached her again and demanded his money, she would not give his money to him. Without rational thinking <u>the plaintiff went to the day care where her son was and retrived [sic] him and then called her and she said she would come up with the money.</u> Daycare called the cops, there was a pursuit and the plaintiff recked [sic] his truck without injuring the kid. The plaintiff left the kid in his stuck truck that was in a ditch, so that he would be safe for the police to find him. The plaintiff never touched him in any sexual manner, and did not threaten him in no [sic] sexual manner, this was all proved at trial. The plaintiff was **not found guilty of a sex offense of any sort.**

(Doc. 17 at 7)(emphasis by underlining supplied; emphasis in bold in original).

Thus, the undersigned agrees that <u>the offense that the plaintiff was convicted of</u> did not include as an element any sexual contact between the plaintiff and his victim. The magistrate judge's R&R reflects only that it was the plaintiff who told this court that he was convicted of kidnapping first degree and that his victim was a minor under the age of twelve. (*See* Doc. 1-1 at 8)("The classification wants to punish the plaintiff even more for the conviction of [k]idnapping of a minor, who was under the age of twelve.") (Doc. 1-1 at 8). And, as explained above, he has never denied the age of the

victim or claimed that he was the victim's parent, guardian, or custodian. Thus, under Section 15-20A-5(18) of ASORCNA, he is a "sex offender."

The plaintiff's objection to the magistrate judge's finding that his own words provide the necessary facts to show that he is a sex offender for purposes of ASORCNA are **OVERRULED**. To the extent that the plaintiff objects that he was not convicted of a sex offense, that objection is due to be **SUSTAINED**.

## III.   **Magistrate Judge's Finding that Plaintiff's Claims Are Not Ripe**

In the R&R, the magistrate judge recommended "that the plaintiff's federal constitutional claims be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2) ... and that jurisdiction over the plaintiff's state law claims be **DECLINED**." (Doc. 14 at p. 14)(emphasis in original). Specifically, the magistrate judge considered that

"[t]he plaintiff may be attempting to challenge § 15-20A-5 of the ASORCNA[6]

---

[6] Effective July 1, 2011, Alabama replaced its prior sex offender registry law, the Alabama Community Notification Act (CNA), Ala.Code § 15–20–20, et seq. (1975), with the Alabama Sex Offender Registration and Community Notification Act (ASORCNA), Ala.Code § 15–20A–1, *et seq*. (1975, as amended). A person subject to ASORCNA must register as a sex offender with the Alabama Department of Public Safety (DPS), *id*. § 15–20A–7; must register with local law enforcement, pay a registration fee, and abide by certain reporting requirements, *id.* § 15–20A–10 & § 15–20A–22; is subject to residency, travel, and employment restrictions, *id*. §§ 15–20A–11,–13, & –15; and is subject to community notification requirements, *id*. § 15–20A–21. In addition, ASORCNA requires that the offender carry identification. *Id*. § 15–20A–18. Further, an adult sex offender cannot establish or maintain a residence or maintain employment within 2,000 feet of a school. *Id*. §§ 15–20A–aa(a) (residence) & 15–20A–13(b) (employment). However, exceptions are possible in some instances. *Id*. § 15–20A–11(f) (residence) & § 15–20A–25(a) (employment). An "adult sex offender" (*i.e.* an adult who has been convicted of a sex offense) is subject to ASORCNA's requirements for life. Ala.Code §§ 15–20A–3(b), 15–20A–4(1).

as being unconsitutionally 'vague' and 'a violation of [his] liberty interest' because he is 'being labeled and branded as a sex offender without being found guilty of a sex offense or even charged for a sex offense.' He also declares § 15-20A-5 violated his right to due process and equal protection, constitutes cruel and unusual punishment and violates 'ex post facto laws.'"

(Doc. 14 at p. 6) (internal citations omitted)(bracketed alteration in original).

The magistrate judge noted that "[t]he plaintiff's three convictions, including the kidnapping conviction, occurred in 2005. He is serving two life sentences and a ten year sentence as a result of those convictions. There is no indication that a release date has been set for the plaintiff." (Doc. 14 at p. 7)(internal citations omitted). Relying on *U.S. v. Veal*, 322 F.3d 1275 (11th Cir. 2003), which in turn relied on *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the magistrate found that, "'[I]nsofar as [the plaintiff] seeks to challenge the constitutionality' of the registration and notification requirements of ASORCNA, his claims are not ripe for review." (Doc. 14 at p. 7)(citing *U.S. v. Veal*, 322 F.3d at 1278).

The undersigned has found no objection by the plaintiff to this characterization of the facts or of his claims. Rather, he has objected to the magistrate judge's conclusion that, under controlling law, he faces no hardship from denying review of his claim because "he was 'not going anywhere and his prior arrest and conviction record is not going to change,' and (2) the claim was not fit for review because whether the statute at issue would remain in effect and unamended until the plaintiff's release from

custody was a matter of speculation." (Doc. 14 at 7, citing *Veal*, 322 F.3d at 1278, quoting *Kirby v. Siegelman*, 195 F.3d at 1290.) The undersigned agrees with plaintiff that the magistrate judge has misapplied the law in finding that plaintiff's claims are not ripe.

The magistrate judge relied on *U.S. v. Veal*, 322 F.3d 1275 (11th Cir. 2003) and *Kirby v. Siegelman*, 195 F.3d 1285 (11th Cir. 1999), in reaching his determination that plaintiff's claim was not ripe. However, the magistrate judge applied the holding of *Kirby* in a manner that is the opposite of what *Kirby* stands for. Thus, an analysis of *Kirby* is necessary here.

In *Kirby*, the Eleventh Circuit decided two consolidated appeals by two different defendants: Kirby and Edmond. Kirby and Edmond each had sued (separately) under 42 USC § 1983, challenging Alabama's Community Notification Statute ("the Act"), Ala. Code § 15–20–20. The relevant facts and procedural history of these consolidated cases were explained by the Court as follows.

These cases, consolidated for appeal, involve challenges to Alabama's Community Notification Statute ("the Act"), Ala.Code § 15–20–20. Appellant Jeffery Powell Kirby appeals the district court's dismissal of his claims that the Act violates the Ex Post Facto and Double Jeopardy Clauses of the United States Constitution. The district court dismissed the complaint for failure to state a claim upon which relief may be granted because it determined that Kirby's claim was not ripe. Appellant Edmond appeals the district court's grant of summary judgment as to his claims that Defendant Alabama Department of Corrections and its employees violated his constitutional rights by classifying him as a sex

offender although he has never been convicted of a sex offense. The district court granted summary judgment because it determined that Edmond did not establish an equal protection claim or a due process violation. Further, the district court determined that Edmond's challenge to the Community Notification Statute was not ripe. For the reasons set forth below, we affirm the district court as to Kirby because his claim is not ripe. We reverse the district court as to Edmond's due process claim because we find that Edmond's classification as a sex offender implicates a liberty interest under the Due Process Clause. We remand the case to the district court because the record is inadequate for us to determine whether he received adequate notice and hearing to satisfy due process requirements. We affirm the district court as to Edmond's remaining claims.

## I. FACTS AND PROCEDURAL HISTORY

### A. KIRBY

Kirby is an inmate in custody of the Alabama Department of Corrections ("ADOC"). He is serving a 15 year sentence for first-degree sodomy. Kirby filed the present action under 42 U.S.C. § 1983 claiming that the Act violates the Ex Post Facto and Double Jeopardy Clauses of the United States Constitution. Additionally, Kirby alleged that he was denied parole due to the Act, and that this violated the Due Process and Equal Protection Clauses. Kirby's conviction for first-degree sodomy constitutes a sex offense as defined by the Act. Ala.Code § 15–20–20, et seq. (1975). As a convicted sex offender, the Act applies to Kirby upon his release from prison. The Act provides for notification of victims and neighbors of a criminal sex offender thirty days prior to his release from custody. Because Kirby is not scheduled for release until 2005, the district court adopted the Magistrate Judge's recommendation and found that Kirby has not yet suffered an injury from the Act. Accordingly, the court dismissed Kirby's claim as not ripe for adjudication.

### B. EDMOND

Edmond is an inmate incarcerated by the ADOC. He is serving a 20 year sentence for attempted murder. He filed the present action under 42 U.S.C. § 1983 against ADOC Commissioner Joe Hopper, Deputy Commissioner John

Shaver, and other ADOC officials claiming that he was unlawfully classified in prison as a sex offender despite never having been convicted of a sex offense. Edmond first claims this classification violates his equal protection rights because sex offenders are treated differently in prison. Second, he claims the classification violates his due process rights because he was labeled a sex offender without being convicted of any sex crimes. Third, he alleges the classification violates his right against self-incrimination because he is forced to admit past behavior in sex offender classes. Finally, Edmond contends his classification will improperly subject him to Alabama's Community Notification Act after his release from prison.

ADOC classified Edmond as a sex offender based on two previous sex-related charges listed in his PreSentence Investigative Report ("PSI"). In 1984, he was charged with rape. The charge was no billed by the grand jury. In 1992, a charge of sexual abuse was nolle prossed in the trial court. According to ADOC Deputy Commissioner John Shaver, these two sex charges, even without a conviction, support Edmond's classification as a sex offender under ADOC guidelines. Shaver also stated that prison classification officials received details from the Russell County District Attorney's Office reflecting sexual abuse and kidnaping in Edmond's prior history. Shaver contends this prior history denotes a pattern of behavior further justifying the sex offender classification.

As a consequence of being classified as a sex offender, Edmond must participate in group therapy sessions of Sexual Offenders Anonymous as a prerequisite for parole eligibility. The sessions meet three times a week at the prison and involve participants admitting past sexual offenses. Edmond contends this requirement violates his right against self-incrimination. Additionally, being classified as a sex offender makes Edmond ineligible for minimum custody classification. Prisoners in minimum custody are eligible for certain work-release programs and community custody programs. Moreover, Edmond contends his classification as a sex offender imposes a stigma that amounts to a significant hardship in relation to the ordinary incidents of prison life. Edmond contends he received neither notice nor opportunity to be heard prior to being classified as a sex offender. Defendants contend that Edmond had an opportunity to be heard through his annual classification review, and that he will be eligible for minimum custody.

On Defendants' motion, the district court adopted the recommendation of the

> Magistrate Judge and granted summary judgment to Defendants on all claims. The court determined that Edmond did not establish an equal protection violation because he did not allege that the different treatment was based on race, religion, or another constitutionally protected interest. As to Edmond's due process claim, the court granted summary judgment because ADOC regulations clearly provide for sex offender classification for inmates with two or more arrests for sex crimes regardless of the disposition of those claims. The court found that Edmond's claim regarding his mandatory participation in the sex offender treatment program was meritless because any admission of guilt required by the program would be privileged communication not subject to disclosure in a judicial proceeding. <u>Finally, the court found that Edmond's challenge of Alabama's notification statute was not ripe because Edmond has not been released from custody</u>.

*Kirby v. Siegelman*, 195 F.3d 1285, 1287-89 (11th Cir. 1999)(footnotes omitted; emphasis supplied).

Like Edmond, the plaintiff in this case was not "convicted of" a sex crime. Rather, he was convicted of a crime - Kidnapping first degree - that caused him to be <u>classified</u> by the Alabama Department of Corrections as a "sex offender." In *Kirby*, the Eleventh Circuit held that "Edmond does have a liberty interest in not being branded a sex offender. *** Even after Edmond's conviction for attempted murder, he retains a 'residuum of liberty' that would be infringed by classification as a sex offender without complying with minimum requirements of due process." *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999) (internal citations omitted).

Here, plaintiff has complained of just such an infringement of due process. Accordingly, unless *Kirby v. Siegelman* is no longer good law, the magistrate judge

14

erred in recommending dismissal of plaintiff's due process claim for lack of ripeness.

As stated above, the magistrate judge relied on *U.S. v. Veal* to support his recommendation that plaintiff's claims are due to be dismissed for lack of ripeness. However, under the prior precedent rule,[7] *U.S. v. Veal* could not abrogate *Kirby v. Siegelman*. Further, as explained by the Eleventh Circuit, its holding in *U.S. v. Veal* is consistent with *Kirby v. Siegelman*, because Veal was convicted of a sex offense, whereas Kirby was not convicted of a sex offense. *See U.S. v. Veal*, 322 F.3d at 1278 ("Our holding in *Kirby*, that an inmate who was never convicted of a sex offense must be afforded due process prior to being classified as a sex offender, is inapplicable here because, unlike the inmate in *Kirby*, Veal was convicted of a sex offense.")

The portion of *Veal* quoted by the magistrate judge in holding that plaintiff's claims, including his due process claim, are due to be dismissed as not ripe, discusses the portion of *Kirby* that dealt with the claims of the defendant who <u>had</u> been convicted of a sex offense — Kirby.[8] However, plaintiff here is not like Kirby, who was

---

[7] *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir.1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision."), *cert. denied*, 523 U.S. 1080, 118 S.Ct. 1529, 140 L.Ed.2d 680 (1998); *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir.1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.")."

[8] *See* Doc. 14 at 7, where the magistrate judge quoted *Veal*'s discussion at 1278 of *Kirby* as follows:

In *Kirby* [*v. Siegelman*, 195 F.3d at 1290, the Eleventh Circuit] concluded that the plaintiff's

convicted of a sex offense – sodomy; rather, he is like Edmond, in that neither Edmond nor plaintiff has been "convicted of" a sex offense.

Under binding Eleventh Circuit case law, plaintiff's due process claim is ripe. Accordingly, the plaintiff's objection to the recommendation that it be dismissed as not ripe is **SUSTAINED**.

## IV.   Magistrate Judge's Findings on Federal Constitutional Challenges

### A. Plaintiff's Procedural Due Process Claim.

The magistrate judge again relied on the wrong portion of *Kirby v. Siegelman*– the portion that applied to Kirby, who <u>had</u> been convicted of a sex offense, as opposed to the portion that applied to Edmond, who is similarly situated to the plaintiff in that Edmond had <u>not</u> been convicted of a sex offense — in finding that plaintiff had not cognizably pled a liberty interest. Doc. 14 at 8-9. Because *Kirby v. Siegelman* held that "an inmate who was never convicted of a sex offense must be afforded due process prior to being classified as a sex offender", *U. S. v. Veal*, 322 F.3d at 1278, the magistrate judge erred in finding that plaintiff's federal due process challenge to his

---

challenge to the constitutionality of Alabama's Community Notification Act was not ripe for review because the Act would not affect him until his release from custody. . . . *See id.* (concluding that (1) the plaintiff faced no hardship from denying review of his claim because he was "not going anywhere and his prior arrest and conviction record is not going to change," and (2) the claim was not fit for review because whether the statute at issue would remain in effect and unamended until the plaintiff's release from custody was a matter of speculation).

ADOC "S" suffix classification did not state a cognizable due process claim. Accordingly, plaintiff's challenge to the magistrate judge's recommendation that plaintiff's procedural due process claim be dismissed is due to be **SUSTAINED**.

### B. Plaintiff's Substantive Due Process Claim.

The magistrate judge stated that "The plaintiff argues the ADOC's sex offender classification manual is unconstitutionally vague in its inclusion of the type of kidnapping conviction he has as a sex offense. Such an assertion appears to be an attempt to make a substantive due process claim." (Doc. 14 at 9)(internal citation omitted).[9] Plaintiff responds that he "never argued the substantive due process issue...." (Doc. 17 at 14). He then goes on to state, "But, since the Magistrate has asserted this issue the plaintiff will argue it." (*Id*.).

Ordinarily, the undersigned would decline to consider an objection to an R&R on an issue that the objecting party admits he "never argued." *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009), *cert. denied*, --- U.S. ----, 129 S.Ct. 2747, 174 L.Ed.2d 249 (2009)(holding that the "district court did not abuse its discretion in declining to consider [Section 2254 petitioner's] timeliness argument that was not

---

[9] In this subsection of the R&R, entitled "Substantive Due Process," the magistrate judge discusses substantive due process as it applies to ASORCNA and the ADOC Sex Offender Classification Manual, finds them both to be "rationally related to legitimate government interests" and "not unconstitutionally vague," but then confusingly states that "plaintiff cannot establish his right to <u>procedural</u> due process was violated." (Doc.14 at 10-11).

presented to the magistrate judge.). However, where, as here, the plaintiff has a pending motion for leave to amend his complaint and a proposed amended complaint asserting the very issue (albeit for the first time), the undersigned will consider plaintiff's objection as it will bear on the court's decision whether to allow the amended complaint.

The court agrees with the magistrate judge that no court has found ASORCNA to violate <u>substantive</u> due process. Indeed, the most authoritative decision, that of the Eleventh Circuit in the unpublished decision of *Windwalker v. Governor of Alabama*, 579 F. App'x 769, (11th Cir. 2014), in which that court expressly rejected the plaintiff's substantive due process claim. *Windwalker*, 579 F. App'x at 773. Additionally, the undersigned has found no case that has called *Windwalker* into question on this issue. However, the court notes that, <u>unlike</u> plaintiff in this case, the plaintiff in *Windwalker* was <u>convicted of a sex offense</u>. (*Id*. at 771)("Windwalker was convicted in Florida in 1985 for having oral sex with a child under 12."). *See also Pittman v. Strange*, No. CIV.A. 12-00667-CB-M, 2014 WL 4685536, at *1 (S.D. Ala. Sept. 22, 2014)(finding *Windwalker* persuasive on issue that ASORCNA is not punitive in Section 1983 action <u>brought by a convicted sex offender</u>.).

A recent non-binding but persuasive opinion that is factually on point is *Collins v. Thomas*, No. 212-CV-950-WHA, 2015 WL 5125750, at *6-7 (M.D. Ala. Aug. 31,

2015). In that case, Collins, a prisoner incarcerated by the Alabama Department of Corrections, brought a Section 1983 action alleging that correctional officials violated his constitutional rights with respect to his internal classification " 'as a sex offender even though he had never committed a sex offense and had never been convicted of a sex offense....' " *Id.*, 2015 WL 5125750, at *1. That is what Waldman has alleged in this action. Like Waldman, Collins sought monetary damages, issuance of a declaratory judgment and injunctive relief "restraining the defendants from branding [him] with the 'S' suffix and/or labeling [him] as a criminal sex offender and ... ordering the defendants to [immediately] expunge all of the same from [his] files...." *Id*. Also like Waldman, Collins had been convicted, not of a "sex offense," but of kidnapping children that he was not the parent or guardian of the children and did not have legal custody of the children. (*See id*. *4). And, like Waldman, "[u]nder these circumstances, Alabama law identifie[d] Collins [as] a sex offender" (id.) and the Alabama Department of Corrections affixed the "S" suffix to his file. (*Id*.).

Like the court in *Collins*, the court is persuaded by *Windwalker*, and by this court's own analysis of the law regarding substantive due process, that such a classification action does not violate substantive due process. The Eleventh Circuit has stated that it "is very reluctant to expand substantive due process by recognizing new fundamental rights[.] *Doe v. Moore*, 410 F.3d 1337, 1342–1343 (11th Cir.2005). And,

19

as the *Collins* court stated:

> "[T]he Supreme Court has not addressed whether substantive due process invalidates sex offender registration statutes [or classification policies based thereon], ... and [the Eleventh Circuit has found] no history or tradition that would elevate the issue here to a fundamental right. In fact, the case law ... found supports the contrary conclusion." *Id*. at 1345 (citation omitted); *Windwalker v. Governor of Alabama*, 579 Fed. Appx. 769, 773–774 (11th Cir.2014) (The plaintiff's substantive due process claim provides no basis for relief because "in the context of a regulation [specifically] designed to protect the public from sex offender recidivism, none of [the plaintiff's] asserted rights are so 'deeply rooted' in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.' "). This determination is equally applicable to the Classification Manual adopted by the Alabama Department of Corrections, a manual which utilizes the ASORCNA to define a sex offender. "When a statute [or regulation] does not implicate fundamental rights, we must ask whether it is 'rationally related to legitimate government interests .' *Glucksberg*, 521 U.S. at 728, 117 S.Ct. at 2271. The rational basis standard is 'highly deferential' " and courts deem statutes or regulations "unconstitutional under a rational basis standard in only the most exceptional circumstances. *Williams v. Pryor*, 240 F.3d 944, 948 (11th Cir.2001)." *Doe v. Moore*, 410 F.3d at 1345.

> *7 The purpose of the ASORCNA "is to assist law enforcement in carrying out their duties and, most importantly, to protect the public, especially children " and "further[ ] the primary governmental interest of protecting vulnerable populations, particularly children," by "monitoring and tracking" individuals convicted of sex offenses as defined by state law. Ala.Code § 15–20A–2(4) and (5) (emphasis added). "The ... intent in imposing certain [restrictions] on sex offenders is not to punish sex offenders but to protect the public and, most importantly, promote child safety." Ala.Code § 15–20A–2(5) (emphasis added). Alabama law provides that a sex offender is "[a]n adult convicted of a sex offense." Ala.Code § 15–20A–4(1). The ASORCNA includes in its list of qualifying sex offenses the kidnapping of a minor when the perpetrator is not the minor's parent, guardian or legal custodian. See Ala.Code § 15–20A–4(14) and § 15–20A–5(18). The precise offense for which Collins was convicted.

In light of the foregoing, the court finds that the ASORCNA is not violative of substantive due process. Consequently, the provision of the Classification Manual which utilizes the ASORCNA's definition of a sex offender for internal classification purposes does not deprive Collin[s] of substantive due process violation.

*Collins v. Thomas*, 2015 WL 5125750, at *6-7.

Like the court in *Collins*, the undersigned finds *Windwalker* persuasive in its analysis of ASORCNA in the face of a substantive due process challenge, such as the one asserted in plaintiff's Objections (doc. 17) and in his proposed Amended Complaint (doc. 19). Accordingly, plaintiff's objections to this portion of the R&R are due to be **OVERRULED**.

### C. Plaintiff's Ex Post Facto Claim.

Turning again to *Windwalker*, which persuasively found ASORCNA to be constitutional, even when applied retroactively, the court finds that plaintiff's objections to this portion of the R&R are due to be **OVERRULED**. *See Windwalker*, 579 F. App'x at 771-73 (holding that ASORCNA does not violate the Ex Post Facto Clause and explicating its analysis).

### D. Plaintiff's Cruel and Unusual Punishment/Double Jeopardy Claim.

*Windwalker* expressly rejected plaintiff's claim that ASORCNA is criminal rather than civil. Although plaintiff clearly disagrees (doc. 17 at 23-24), the undersigned finds *Windwalker* persuasive on this point as well. Accordingly, the court finds that

21

plaintiff's objections to this portion of the R&R are due to be **OVERRULED**. *See Windwalker*, 579 F. App'x 769, 771-73 (holding that ASORCNA is civil rather than criminal in nature and explicating its analysis).

### E. Plaintiff's Equal Protection Claim.

*Windwalker* expressly rejected plaintiff's claim that ASORCNA violates the equal protection clause. Although plaintiff clearly disagrees (doc. 17 at 24-25), the undersigned finds *Windwalker* persuasive on this point as well. Accordingly, the court finds that plaintiff's objections to this portion of the R&R are due to be **OVERRULED**. *See Windwalker*, 579 F. App'x at 774 (rejecting equal protection claim and applying rational basis test).

## V.   Magistrate Judge's Findings on Alabama Constitutional Challenges

As to plaintiff's claims arising under the Alabama constitution, the magistrate judge said only:

### C.      Claims grounded in the Alabama Constitution
The plaintiff declares his sex offender classification violates various provisions of the Alabama constitution. However, this court should decline to exercise jurisdiction over the plaintiff's state law claims.

(Doc. 14 at 14.)

The "Recommendation" section of the R&R does not provide any additional information, as it merely states, "The magistrate judge further **RECOMMENDS**

that jurisdiction over the plaintiff's state law claims be **DECLINED**." (Doc. 14 at 14)(emphasis in original).

Plaintiff has objected to this portion of the R&R by arguing that, because he is proceeding *pro se*, his claims should have been construed more liberally than they were (doc. 17 at 28), and he should be given "at least one chance to amend the complaint." (*Id.* at 29).[10] Specifically, because his complaint "mentioned the Article I, §§ 9 and 10 of the [U]nited [S]tates [C]onstitution along with the Alabama Constitution Article I, § 22[,] [it should have been] construed that [plaintiff was arguing the United States Constitution but that the U.S.C. [sic] overrides the Alabama Constitution." (*Id.*). This statement, taken together with the omission of any claims "grounded in the Alabama Constitution" from plaintiff's Amended Complaint (doc. 19), causes the undersigned to find that plaintiff's objections to this portion of the R&R are due to be **OVERRULED** as **MOOT**.[11]

## THE AMEND MOTION

The court has considered the Amend Motion and the proposed Amended

---

[10] Because, as set out hereinafter, the undersigned will grant plaintiff's Amend Motion, this objection to the R&R is due to be **OVERRULED** as **MOOT**.

[11] The Amended Complaint (doc. 19) fleshes out, at "Issue III. Bill of Attainder", the claim that plaintiff says the magistrate judge misunderstood or omitted. The undersigned will address that claim as clarified in the portion of this Memorandum Opinion that addresses the Amend Motion.

Complaint. Because the Amended Complaint would be due to be dismissed under the reasoning set out above, the Amend Motion is due to be **DENIED**. A district court is not required to permit a *pro se* plaintiff to amend his complaint if, *inter alia*, "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001).

## CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** in part and **REJECTED** in part as set out herein. Specifically, although the undersigned agrees with plaintiff that his due process claim is ripe, the undersigned finds that it is due to be dismissed as stating neither a cognizable procedural due process claim nor a cognizable substantive due process claim. The court further finds that plaintiff's ex post fact claim, his cruel and unusual punishment claim, and his equal protection claim are due to be dismissed as not cognizable. Finally, the court finds that plaintiff's state law claims are due to be dismissed as moot. The Court further finds that plaintiff's motion for leave to amend his complaint is due to be denied because the proposed Amended Complaint still fails to state any cognizable claim, and, accordingly, any such amendment would be futile. The court **EXPRESSLY FINDS**

that the complaint and the proposed Amended Complaint fail to state any claim for which relief can be granted. Accordingly, the complaint is due to be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. A Final Judgment Order will be entered.

      **DONE** this the 2nd day of December, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge